UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| MARC RICHFIELD, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>POLARITYTE, INC., DAVID B. SEABURG, JACOB ALEXANDER PATTERSON, and RICHARD HAGUE,<br><br>　　　　　Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR PRO HAC VICE ADMISSION OF JEREMY A. LIEBERMAN (DOC. NO. 7)**<br><br>Case No. 2:21-cv-00561<br><br>Magistrate Judge Daphne A. Oberg |

　　　　Before the court is local counsel Jon Harper's Motion for Pro Hac Vice Admission of Jeremy A. Lieberman. ("Mot. for Admission," Doc. No. 7.) As explained below, because Mr. Lieberman has been admitted pro hac vice in five unrelated cases in this district in the previous five years and fails to demonstrate good cause for not seeking admission to the Utah State Bar, the motion is denied.

　　　　Rule 83-1.1 of the District of Utah's Local Civil Rules provides: "Pro hac vice admission is not available to any attorney who . . . (iii) has already been admitted pro hac vice in 3 unrelated cases in the previous 5 years in this district, unless the court finds good cause for the attorney not seeking admission to the Utah State Bar." DUCivR 83-1.1(c)(1)(A) (2020).

　　　　The motion lists five unrelated cases in which Mr. Lieberman has been admitted pro hac vice in the past five years, and the attached exhibit lists three additional cases since 2012. (Mot. for Admission 1–2, Doc. No. 7; Ex. 2 to Mot. for Admission, Doc. No. 7-1 at 5.) Mr. Lieberman offers the following explanation for failing to seek admission to the Utah Bar:

1

> In the cases referenced above, as managing partner of Pomerantz LLP ("Pomerantz"), the Applicant was involved primarily only in the drafting and filing of the initial complaint. Otherwise, the Applicant's involvement in the above-referenced cases was minimal. In the instances in which Pomerantz was appointed as lead counsel, the duties associated with lead counsel were handled primarily by Pomerantz attorneys other than the Applicant who were also admitted pro hac vice.

(Mot. for Admission 2, Doc. No. 7.)

This explanation does not demonstrate good cause for failing to seek admission to the Utah State Bar. Drafting and filing pleadings in this district constitutes the practice of law here. The fact that Mr. Lieberman did this in five unrelated cases during the previous five years demonstrates he practices law in this district on a regular basis. Further, a review of the dockets in these cases reveals Mr. Lieberman was involved beyond the initial pleadings. For instance, he submitted substantive declarations in three of the cases. (*See* Decl. of Jeremy A. Lieberman in Support of Mot. of Myriad Inv. Grp. as Lead Pl. and Approval of Counsel, Doc. No. 20, *Kessman v. Myriad Genetics*, No. 2:18-cv-00336 (D. Utah) (filed Apr. 20, 2018); Decl. of Jeremy A. Lieberman in Support of Mot. of Yedid Lawi for Consol., Appointment as Lead Pl. and Approval of Counsel, Doc. No. 26-1, *Moreno v. Polarityte*, No. 2:18-cv-00510 (D. Utah) (filed June 26, 2018); Decl. of Jeremy A. Lieberman in Support of Mot. of Exkae Ltd. for Appointment as Lead Pl. and Approval of Counsel, Doc. No. 18, *Patton v. Domo Inc.*, No. 2:19-cv-00781 (D. Utah) (filed Oct. 17, 2019).) Under these circumstances, Mr. Lieberman has not demonstrated good cause for failing to seek admission to the Utah State Bar.

Accordingly, the motion for pro hac vice admission, (Doc. No. 7), is DENIED.

DATED this 25th day of October, 2021.

BY THE COURT:

_____
Daphne A. Oberg
United States Magistrate Judge