ERIK A. CHRISTIANSEN, USB # 7372          PAUL R. BESSETTE
JEFFREY C. COREY, USB # 09938             MICHAEL BILES
PARSONS BEHLE & LATIMER                   KING & SPALDING LLP
201 South Main Street, Suite 1800         500 West 2nd Street, Suite 1800
Salt Lake City, Utah 84111                Austin, Texas 78701
Telephone: 801.532.1234                   Telephone: 512.457.2050
Facsimile: 801.536.6111                   Facsimile: 512.457.2100
ecf@parsonsbehle.com                      pbessette@kslaw.com
echristiansen@parsonsbehle.com            mbiles@kslaw.com
jcorey@parsonsbehle.com                   (admitted *pro hac vice*)

*Attorneys for Defendants PolarityTE, Inc., David B. Seaburg, Jacob Alexander Patterson,*
*Paul Mann, and Richard Hague*

---

## UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| MARC RICHFIELD, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>POLARITYTE, INC., DENVER LOUGH, DAVID SEABURG, JACOB PATTERSON, PAUL MANN, and RICHARD HAGUE,<br><br>Defendants. | **DEFENDANTS' REQUEST FOR CONSIDERATION UNDER INCORPORATION-BY-REFERENCE DOCTRINE OR BY JUDICIAL NOTICE IN SUPPORT OF THEIR MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>Case No. Case No. 2:21-cv-00561-BSJ<br><br>Hon. Bruce S. Jenkins |

**TABLE OF CONTENTS**

I.    STATEMENT OF RELIEF SOUGHT AND GROUNDS THEREFORE ..........................1

II.    ARGUMENT ...........................................................................................................................1

   A.    Exhibits 1–2, 5, 9–10, 15, 19–20, 26, and 28–35 Are Incorporated By Reference in the Amended Complaint .................................................................................................. 2

   B.    Exhibits 3–4, 6–8, 11–14, 16–18, 21–25, 27, and 36 Are Subject to Judicial Notice ......... 5

     1.    The Court May Take Judicial Notice of PolarityTE's SEC Filings ................................. 5

     2.    The Court May Take Judicial Notice of Publicly Available Documents ......................... 5

     3.    The Court May Take Judicial Notice of Materials From Government Websites ............. 6

III.    CONCLUSION ....................................................................................................................7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ave. Capital Mgmt. II, L.P. v. Schaden*,
843 F.3d 876 (10th Cir. 2016) ...............................................................................................3

*Firehole River Cap., LLC v. Supurva Healthcare Grp., Inc.*,
No. 2:21-CV-00153-DBB, 2021 WL 4291087 (D. Utah Sept. 21, 2021) ...............................2

*Van Woudenberg ex rel. Foor v. Gibson*,
211 F.3d 560 (10th Cir. 2000), *abrogated on other grounds by McGregor v.
Gibson*, 248 F.3d 946 (10th Cir. 2001) ...............................................................................5

*In re FX Energy, Inc. Sec. Litig.*,
2009 WL 1812828 (D. Utah June 25, 2009) ...........................................................................3

*Genesee Cty. Emps. Ret. Sys. v. Thornburg Mortg. Sec. Trust
2006-3*, 825 F. Supp. 2d 1082 (D.N.M. 2011) ......................................................................2

*GFF Corp. v. Assoc. Wholesale Grocers*, *Inc.*,
130 F.3d 1381 (10th Cir. 1997) ...........................................................................................1, 3

*In re MGP Ingredients, Inc. Sec. Litig.*,
No. 20-2090-DDC-JPO, 2021 WL 3885655 (D. Kan. Aug. 31, 2021) ....................................6

*Mrs. Fields Franchising, LLC v. MFGPC*,
721 F. App'x 755 (10th Cir. 2018) .........................................................................................6

*New Mexico v. Bureau of Land Mgmt.*,
565 F.3d 683 (10th Cir. 2009) ............................................................................................6, 7

*In re Oppenheimer Rochester Funds Grp. Sec. Litig.*,
838 F. Supp. 2d 1148 (D. Colo. 2012) ...................................................................................5

*Sterlin v. Biomune Sys., Inc.*,
114 F. Supp. 2d 1163 (D. Utah 2000) .....................................................................................5

*Strong v. Cochran*,
14-cv-00788, 2015 WL 12780593 (D. Utah May 5, 2015) ....................................................5

*Tal v. Hogan*,
453 F.3d 1244 (10th Cir. 2006) .............................................................................................2

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
551 U.S. 308 (2007) ...............................................................................................................1

*W. Palm Beach Firefighters' Pension Fund v. Startek, Inc.*,
05-cv-1265, 2008 WL 4838671 (D. Colo. Nov. 6, 2008)..........................................................5

*In re Zagg Inc. S'holder Deriv. Action*,
12-cv-1188, 2014 WL 5089939 (D. Utah Oct. 9, 2014)..........................................................5

*In re Zagg Inc. Sec. Litig.*,
797 F.3d 1194 (10th Cir. 2015) ................................................................................................1

**Statutes**

Public Health Service Act Section 361 (42 U.S.C. § 201 *et seq.*) .............................................2, 3

**Other Authorities**

Federal Rule of Civil Procedure 12(b)(6) ..............................................................................1

Federal Rule of Evidence 201...............................................................................................1, 2

Federal Rule of Evidence 201(b) ..........................................................................................2, 7

Federal Rule of Evidence 201(b)(2) .....................................................................................5

## I.   STATEMENT OF RELIEF SOUGHT AND GROUNDS THEREFORE

Pursuant to the incorporation-by-reference doctrine and Federal Rule of Evidence 201, Defendants PolarityTE, Inc. ("PolarityTE" or the "Company"), David Seaburg, Jacob Alexander Patterson, Paul Mann, and Richard Hague (collectively, "Individual Defendants") respectfully request that the Court consider the documents identified in this Request, which are attached to the contemporaneously filed Declaration of Jeffrey C. Corey ("Corey Declaration"), in connection with PolarityTE and Individual Defendants' Motion to Dismiss Plaintiffs' Amended Class Action Complaint for Violations of the Federal Securities Laws (the "Motion to Dismiss").

## II.   ARGUMENT

Courts "must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice" when ruling on a motion to dismiss a complaint brought under the federal securities laws. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see also In re Zagg Inc. Sec. Litig.*, 797 F.3d 1194, 1201 (10th Cir. 2015) (explaining that courts must consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice" in ruling on a motion to dismiss a securities fraud complaint).   The incorporation-by-reference doctrine allows the Court to consider documents referenced in the Amended Class Action Complaint (the "Amended Complaint" or "AC") even though they are not physically attached to the pleading. *See Tellabs*, 551 U.S. at 322; *see also GFF Corp. v. Assoc. Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997) (noting that the court may consider documents not attached, but "referred to in the complaint and [] central to the plaintiff's claim").

1

Under Federal Rule of Evidence 201, the Court may take judicial notice of any fact that is "not subject to reasonable dispute because it:  (1) is generally known within the trial court's territorial jurisdiction;  or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."   Fed. R. Evid. 201(b).   Documents that are subject to judicial notice may be considered "without converting [a] motion to dismiss into a motion for summary judgment."   *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006); *see also Firehole River Capital, LLC v. Supurva Healthcare Grp., Inc.*, No. 2:21-CV-00153-DBB, 2021 WL 4291087, at *2 (D. Utah Sept. 21, 2021) (rejecting the argument that the defendants' motion to dismiss should be converted to a motion for summary judgment because defendants attached an SEC filing to their motion as an exhibit, and taking judicial notice of the filing); *Genesee Cty. Emps. Ret. Sys. v. Thornburg Mortg. Sec. Trust 2006-3*, 825 F. Supp. 2d 1082,  1122 (D.N.M. 2011) ("[I]f a party requests that the court take judicial notice of certain facts, and supplies the necessary information to the court, judicial notice is mandatory.").

As explained below, the exhibits submitted as part of the Motion to Dismiss are incorporated by reference into the Amended Complaint, are subject to judicial notice, or both.

### A.   Exhibits 1–2, 5, 9–10, 15, 19–20, 26, and 28–35 Are Incorporated By Reference in the Amended Complaint

Plaintiffs allege that PolarityTE and Individual Defendants made misstatements or omissions regarding the following three topics:  (1) SkinTE®'s (one of PolarityTE's products) registration under Section 361 of the Public Health Service Act (42 U.S.C. § 201 *et seq.*); (2) the Form 483 issued to the Company in July 2018 by the Food and Drug Administration ("FDA"); and (3) FDA's enforcement discretion policy as it related to sales of SkinTE.   Plaintiffs claim these statements were false or misleading based on documents such as Company SEC filings and earnings calls, information from government websites, and correspondence with government

2

agencies cited in the Amended Complaint.

Because Plaintiffs' claims depend on these materials (which are referenced in the Amended Complaint and identified in the table below), and because all the materials listed below are "central" to Plaintiffs' claims, they are part of Plaintiffs' "factual allegations" and may be considered in ruling on the Motion to Dismiss. *See Ave. Capital Mgmt. II, L.P. v. Schaden*, 843 F.3d 876, 881 (10th Cir. 2016); *see also GFF*, 130 F.3d at 1385 ("If the rule [that courts may consider documents incorporated by reference in a complaint] were otherwise, a plaintiff with a deficient claim could survive a motion to dismiss simply by not attaching a dispositive document upon which the plaintiff relied."); *In re FX Energy, Inc. Sec. Litig.*, 2009 WL 1812828, at *6–7 (D. Utah June 25, 2009) (considering documents referenced in, but not attached to, the complaint and noting that the court need not accept allegations contradicted by such documents as true).  The Court should therefore consider Exhibits 1–2, 5, 9–10, 15, 19–20, 26, and 28–35 as it rules on the Motion to Dismiss because the documents are incorporated in the Amended Complaint by reference.

| Exhibits | Citation(s) in AC |
|---|---|
| **Section 361 Statements** | |
| **Exhibit 2**:   PolarityTE, Inc. Form 10-K, filed with the SEC on January 30, 2018 | AC ¶¶ 128, 130, 131 |
| **Exhibit 5:**  PolarityTE, Inc. Form 10-K, filed with the SEC on January 14, 2019 | AC ¶¶ 134, 138 |
| **Exhibit 28:**  PolarityTE, Inc. First Quarter 2020 Earnings Call Transcript for a call taking place on May 11, 2020 | AC ¶ 153 |
| **Form 483 Statements** | |
| **Exhibit 1:**  PolarityTE, Inc. Form 10-K, filed with the SEC on March 30, 2021 | AC ¶¶ 176, 178, 180 |
| **Exhibit 5:**  PolarityTE, Inc. Form 10-K, filed with the SEC on January 14, 2019 | AC ¶ 136 |
| **Exhibit 9:**  PolarityTE, Inc. Form 10-Q, filed with the SEC on May 11, 2020 | AC ¶ 145 |

| | |
|---|---|
| **Exhibit 19:** PolarityTE, Inc. Form 10-Q, filed with the SEC on November 9, 2020 | AC ¶ 161 |
| **Exhibit 20:** PolarityTE, Inc. Form 8-K, filed with the SEC on July 26, 2021 | AC ¶¶ 194, 196 |
| **Exhibit 26:** U.S. Department of Health and Human Services Food and Drug Administration Clinical Hold letter to PolarityTE MD, Inc., dated September 17, 2021 | AC ¶¶ 24, 109, 111, 113, 115, 119 |
| **Exhibit 28:** PolarityTE, Inc. First Quarter 2020 Earnings Call Transcript for a call taking place on May 11, 2020 | AC ¶¶ 151, 155 |
| **Exhibit 29:** PolarityTE, Inc. Form 8-K, filed with the SEC on May 10, 2019 | AC ¶¶ 140 |
| **Exhibit 30:** PolarityTE, Inc. Third Quarter 2020 Earnings Call Transcript for a call taking place on November 9, 2020. | AC ¶¶ 165, 167 |
| **Exhibit 31:** PolarityTE, Inc. Form 8-K, filed with the SEC on February 10, 2021 | AC ¶ 169 |
| **Exhibit 32:** PolarityTE, Inc. Fourth Quarter and Fiscal Year 2020 Earnings Call Transcript for a call taking place on March 30, 2021 | AC ¶ 184 |
| **Exhibit 33:** PolarityTE, Inc. Form 8-K, filed with the SEC on May 13, 2021 | AC ¶ 191 |
| **Exhibit 34:** PolarityTE, Inc. First Quarter 2021 Earnings Call Transcript for a call taking place on May 13, 2021 | AC ¶ 192 |
| **Exhibit 35:** PolarityTE, Inc. Form 8-K, filed with the SEC on August 12, 2021 | AC ¶¶ 198, 200, 202 |
| **FDA Enforcement Discretion Statements** | |
| **Exhibit 1:** PolarityTE, Inc. Form 10-K, filed with the SEC on March 30, 2021 | AC ¶¶ 172, 173, 174, 182 |
| **Exhibit 9:** PolarityTE, Inc. Form 10-Q, filed with the SEC on May 11, 2020 | AC ¶ 149 |
| **Exhibit 10:** PolarityTE, Inc. Form 10-Q, filed with the SEC on August 6, 2020 | AC ¶ 159 |
| **Exhibit 15:** U.S. Department of Health and Human Services Food and Drug Administration Form FDA 483 providing observations from FDA inspection of PolarityTE facilities from July 9, 2018 through July 13, 2018 | AC ¶¶ 21, 104, 106, 110, 112, 114, 116, 117, 118, 120, 121 |
| **Exhibit 19:** PolarityTE, Inc. Form 10-Q, filed with the SEC on November 9, 2020 | AC ¶ 163 |
| **Exhibit 28:** PolarityTE, Inc. First Quarter 2020 Earnings Call Transcript for a call taking place on May 11, 2020 | AC ¶ 153 |
| **Exhibit 32:** PolarityTE, Inc. Fourth Quarter and Fiscal Year 2020 Earnings Call Transcript for a call taking place on March 30, 2021 | AC ¶ 186 |

**B.      Exhibits 3–4, 6–8, 11–14, 16–18, 21–25, 27, and 36 Are Subject to Judicial Notice**

**1.   The Court May Take Judicial Notice of PolarityTE's SEC Filings**

Even if PolarityTE's SEC filings were not incorporated by reference, judicial notice of these materials is proper under Federal Rule of Evidence 201(b)(2).  *See* Exs. 3–4, 6, 8, 12–14, 18, 21–25, 27.  Courts routinely take judicial notice of these documents in considering motions to dismiss securities-class-action complaints.  *See, e.g.*, *Strong v. Cochran*, 14-cv-00788, 2015 WL 12780593, at *1 n.2 (D. Utah May 5, 2015) (taking judicial notice of SEC filings in a securities fraud case); *In re Zagg Inc. S'holder Deriv. Action*, 12-cv-1188, 2014 WL 5089939, at *1 (D. Utah Oct. 9, 2014) (taking judicial notice of publicly available documents including defendant's press releases and SEC filings in a securities fraud case); *In re Oppenheimer Rochester Funds Grp. Sec. Litig.*, 838 F. Supp. 2d 1148, 1156 (D. Colo. 2012) ("In securities cases . . . a court may take judicial notice of the contents of SEC filings that are a matter of public record."); *W. Palm Beach Firefighters' Pension Fund v. Startek, Inc.*, 05-cv-1265, 2008 WL 4838671, at *3 (D. Colo. Nov. 6, 2008) (considering full text of registration statement filed with the SEC in securities fraud case); *Sterlin v. Biomune Sys., Inc.*, 114 F. Supp. 2d 1163, 1172 (D. Utah 2000) (taking judicial notice of SEC filings in securities fraud case).

For this reason, the Court should take judicial notice of Exhibits 3–4, 6, 8, 12–14, 18, 21–25, and 27 because they contain excerpts of PolarityTE's SEC filings.

**2.   The Court May Take Judicial Notice of Publicly Available Documents**

The Court may take judicial notice of Exhibit 36, PolarityTE, Inc. Second Quarter 2021 Earnings Call Transcript for a call taking place on August 12, 2021, because it is a publicly available document.  The Court may take judicial notice of this document because it is a matter of public record.  *Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000),

5

*abrogated on other grounds by McGregor v. Gibson*, 248 F.3d 946 (10th Cir. 2001) ("[T]he court is permitted to take judicial notice of … facts which are a matter of public record."); *see also Mrs. Fields Franchising, LLC v. MFGPC*, 721 F. App'x 755, 759 (10th Cir. 2018) (citing *Van Woudenberg* for the proposition that a court can take judicial notice of matters of public record); *In re MGP Ingredients, Inc. Sec. Litig.*, No. 20-2090-DDC-JPO, 2021 WL 3885655, at *6 (D. Kan. Aug. 31, 2021) (taking judicial notice of earnings call transcripts as a matter of public record in a securities fraud case). The Court should therefore take judicial notice of Exhibit 36 as a publicly available document.

### 3.  The Court May Take Judicial Notice of Materials From Government Websites

The Court may take judicial notice of Exhibits 7, 11, 16, and 17 because they are found on publicly available government websites. Courts routinely take judicial notice of these types of documents and information. *See New Mexico v. Bureau of Land Mgmt.*, 565 F.3d 683, 702 n.22 (10th Cir. 2009) (taking judicial notice of websites of two federal agencies—the Bureau of Land Management and the Fish and Wildlife Service).

| Documents on Government Websites |
|---|
| **Exhibit 7:** U.S. Department of Health and Human Services Food and Drug Administration guidance entitled "Regulatory Considerations for Human Cells, Tissues, and Cellular and Tissue-Based Products: Minimal Manipulation and Homologous Use – Guidance for Industry and Food and Drug Administration Staff," published December 2017. The document is publicly available at https://www.regulations.gov/document/FDA-2017-D-6146-0003. |
| **Exhibit 11:** U.S. Department of Health and Human Services Food and Drug Administration FDA Voices release entitled "Advancing the Development of Safe and Effective Regenerative Medicine Products," published on April 21, 2021. This document is publicly available at https://www.fda.gov/news-events/fda-voices/advancing-development-safe-and-effective-regenerative-medicine-products. |
| **Exhibit 16:** U.S. Department of Health and Human Services Food and Drug Administration Firm Profile for PolarityTE, Inc., printed from the FDA website on March 8, 2022. This profile is publicly available at https://datadashboard.fda.gov/ora/firmprofile.htm?FEIi=3014453293. |
| **Exhibit 17:** U.S. Department of Health and Human Services Food and Drug Administration HCT/P Inspection Information providing statistics on FDA Inspections Performed in Fiscal Years 2016 to 2020. This document is publicly available at https://www.fda.gov/vaccines-blood-biologics/compliance-actions-biologics/hctp-inspection-information. |

Exhibits 7, 11, 16, and 17 are all from sources "whose accuracy cannot reasonably be questioned." *See* Fed. R. Evid. 201(b); *see also New Mexico*, 565 F.3d at 702 n.22 (taking judicial notice of information on two government websites). The Court should therefore take judicial notice of these exhibits.

## III.    CONCLUSION

For the foregoing reasons, PolarityTE and Individual Defendants respectfully request that the Court consider Exhibits 1 to 36 attached to the Declaration of Jeffrey C. Corey in support of their Motion to Dismiss the Amended Complaint.

Dated this 22nd day of April 2022.

FOR THE DEFENDANTS:

/s/ *Jeffrey C. Corey*
Erik A. Christiansen
Jeffrey C. Corey
PARSONS BEHLE & LATIMER, LLP

Paul R. Bessette (admitted *pro hac vice*)
Michael J. Biles (admitted *pro hac vice*)
KING & SPALDING, LLP

*Attorneys for Defendants PolarityTE, Inc., David B. Seaburg, Jacob A. Patterson, Paul Mann, and Richard Hague*

7

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that a true and correct copy of the foregoing was served upon all parties of record via the U.S. District Court for the District of Utah's Electronic Filing System on April 22, 2022.

/s/ *Jeffrey C. Corey*

8