Keith M. Woodwell (#7353)
Thomas A. Brady (#12454)
Katherine E. Pepin (#16925)
**CLYDE SNOW & SESSIONS**
201 South Main Street, Suite 2200
Salt Lake City, Utah 84111-2216
Tel: (801) 322-2516
Fax: (801) 521-6280
kmw@clydesnow.com
tab@clydesnow.com
kep@clydesnow.com

*Attorneys for Defendant Denver Lough*

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MARC RICHFIELD, individually and on Behalf of All Other Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>POLARITYTE, INC., DENVER LOUGH, DAVID SEABURG, JACOB PATTERSON, PAUL MANN, and RICHARD HAGUE,<br><br>Defendants. | **DEFENDANT DENVER LOUGH'S JOINDER IN MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT**<br><br><br>Case No. 2:21-cv-00561-BSJ<br><br><br>Hon. Bruce S. Jenkins |

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Dr. Denver

Lough ("Lough") hereby moves this Court to dismiss the Amended Class Action Complaint (the

"Amended Complaint") for failure to state a claim upon which relief can be granted.

{02014831-3 }

## I.      RELIEF REQUESTED AND GROUNDS FOR RELIEF

As articulated in the preceding Motion to Dismiss filed by Defendants PolarityTE, Inc., David B. Seaburg, Jacob Alexander Patterson, Paul Mann, and Richard Hague (Dkt. 53) (the "PolarityTE Motion"), in which Lough hereby joins, the Amended Complaint repeats allegations and arguments that this Court has already found insufficient and dismissed under the Private Securities Litigation Reform Act (the "PSLRA") in *In re PolarityTE, Inc. Securities Litigation*, No. 2:18-cv-00510, 2020 WL 6873798 (D. Utah, Nov. 22, 2020) ("*PolarityTE I*"). Moreover, the allegations asserted in the Amended Complaint fail to adequately plead the elements of (1) falsity, (2) materiality, (3) scienter and (4) loss causation. Therefore, Lough joins in all aspects and arguments of the PolarityTE Motion, but writes separately simply to augment and articulate two arguments that pertain directly to Lough.

First, Plaintiffs acknowledge that Lough was placed on administrative leave on May 31, 2019, and ultimately left his position with PolarityTE, Inc. ("PolarityTE" or the "Company") on August 26, 2019. Therefore, any alleged wrongdoing, if any, after that date cannot be attributable to Lough, and Lough cannot be held liable for any actions or omissions, if any, made by the Company. Second, Plaintiffs have failed to sufficiently plead a strong inference of scienter against Lough. To the contrary, Plaintiffs' allegations instead demonstrate that Lough adamantly and sincerely believed that SkinTE was qualified for Section 361 registration, and alleged discussions, if any, among employees that SkinTE might be registered under the wrong section did not begin, if at all, until after Lough left the Company. As such, the Amended Complaint should be dismissed, including as to Lough.

{02014831-3 }                                          2

## II.    ARGUMENT

### A.    Lough Is Not Liable for Any Alleged Actions or Omissions, If Any, After His Departure

Lough was placed on administrative leave by the Board of the Company on May 31, 2019 and left his position with the Company on August 26, 2019. Amended Complaint at ¶ 94. After this date, Lough had no discretion or control over any statements, if any, made by the Company. As such, any alleged omissions or misstatements purportedly made by the Company after this date cannot be attributable to Lough and, similarly, Lough cannot be held liable for any allegedly fraudulent omissions or misstatements made after he left the Company. Amended Complaint ¶¶ 145, 149, 151, 153, 155, 159, 161, 163, 165, 167, 169, 172, 173, 174, 176, 178, 180, 182, 184, 186, 191, 192, 194, 196, 198, 200, 202. Most, if not all, of the pre-departure statements alleged in the Amended Complaint were previously alleged to be misleading in *PolarityTE I.* Amended Complaint, ¶¶ 128, 130, 131, 134, 136, 138, 140. Like in *PolarityTE I*, these statements should be dismissed because they were statements of opinion and Plaintiffs have not sufficiently alleged that Lough lacked any actionable factual basis for the statements at the time they were made.

### B.    Plaintiffs Failed to Plead a Strong Inference of Scienter Against Lough

Beyond unsupported and baseless conclusory statements, Plaintiffs have failed to sufficiently allege that Lough knew SkinTE did not qualify for Section 361 registration. *ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 99 (2d Cir. 2007) (holding that "[a]llegations that are conclusory or unsupported by factual assertions are insufficient" to withstand motion to dismiss for failure to state a claim.). Instead, Plaintiffs have alleged that

Lough was "adamant" that SkinTE qualified for Section 361 registration and vehemently disagreed with those who allegedly expressed a contrary opinion. Amended Complaint, ¶¶ 11, 89, 90. In addition, Plaintiffs allege that "employees *began* having discussions sometime in the summer or fall of 2019 that SkinTE might be registered under the 'wrong section'[,]" which was after Lough left the Company. Amended Complaint, ¶ 97 (emphasis added). Importantly, none of the anonymous witnesses state that Lough knew, or even had doubts, that his opinion regarding Section 361 registration was wrong. As such, Plaintiffs' allegations only demonstrate (and the more plausible, nonculpable explanation is) that Lough had a strongly held and sincere belief that SkinTE qualified for Section 361 registration, and do not raise a strong inference of Scienter against Lough. *Smallen v. The Western Union Co.*, 950 F.3d 1297, 1305 (10th Cir. 2020) (stating that courts "must 'consider plausible, nonculpable explanations for the defendant's conduct, as well as inferences favoring the plaintiff.'").

Moreover, contrary to Plaintiffs' allegations, the fact that Lough invented SkinTE or that he was the CEO of Polarity TE does not mean that he was well versed or experienced in FDA regulations and, specifically, the nuanced criteria for registration under 21 C.F.R. § 1271. Amended Complaint, ¶ 88, 211, 214; *Smallen*, 950 F.3d at 1308 (stating that courts "cannot infer scienter based only on a defendant's position in a company or involvement with a particular project."). The Amended Complaint alleges no facts to support the inference that Lough would be knowledgeable or experienced in this highly regulated area, or that he had any relevant legal or regulatory experience. Accordingly, the Court should dismiss the Amended Complaint as it relates to Lough because Plaintiffs have failed to adequately plead a strong inference of scienter.

{02014831-3 }                                      4

## III.    CONCLUSION

For all the reasons stated above, and for all the reasons stated in the PolarityTE Motion, the court should dismiss the Amended Complaint with prejudice.

DATED this 2nd day of June, 2022.

CLYDE SNOW & SESSIONS

*/s/ Keith M. Woodwell*
Keith M. Woodwell
Thomas A. Brady
Katherine E. Pepin

*Attorneys for Defendant Denver Lough*

CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of June, 2022, a true and correct copy of the foregoing Defendant Denver Lough's Motion to Dismiss Amended Complaint was delivered via the court's e-filing service to all parties of record.


/s/ Lyndee Aardema
Legal Assistant

{02014831-3 }                                6